SMITH (BOOTH v.). See Case No. 1,649.

SMITH (BOURNE v.). See Case No. 1,701.

SMITH (BRENT v.). See Case No. 1,841.

SMITH (BREST v.). See Case No. 1,843.

SMITH (BROMLEY v.). See Case No. 1,922.

SMITH (BRUNE v.). See Case No. 2,053.

---

## Case No. 13,016.

### SMITH v. BUCHANAN et al.

[8 Blatchf. 153; [1] 4 N. B. R. 397 (Quarto, 133); 3 Alb. Law J. 97.]

Circuit Court, N. D. New York. Jan. 18, 1871.

BANKRUPTCY — PETITION — SUBSEQUENT TRANSACTIONS—JUDGMENT—WHEN A VALID LIEN.

1. After the filing of a petition in involuntary bankruptcy, no person can acquire any interest, by a receivership created by a state court, or otherwise, in the property of the debtor, which the decree in bankruptcy will not displace or override.

2. A creditor, with reasonable cause to believe that a corporation, his debtor, was insolvent, sued it, in a state court, with a view to secure payment, without regard to other creditors, and whether the latter were paid or not, knowing, that, if he obtained payment in full, it must be at the expense of other creditors, who could not be paid in full, and that, if he succeeded, he would secure a preference: *Held*, that a preference obtained by such suit could be set aside at the suit of the assignee in bankruptcy of the corporation.

[Cited in Haskell v. Ingalls, Case No. 6,193; Vanderhoof v. City Bank of St. Paul, Id. 16,842; Re Lord, Id. 8,503; Buchanan v. Smith, 16 Wall. (83 U. S.) 308; Warren v. Delaware, L. & W. Ry. Co., Case No. 17,-194; Warren v. Tenth Nat. Bank, Id. 17,-202; Re Jacobs, Id. 7,159.]

In equity. This was a bill filed by [Gabriel L. Smith] an assignee in bankruptcy [of the Cascade Manufacturing Company of Penn Yann against Coe S. Buchanan and others] to set aside the apparent lien of certain judgment creditors upon the estate of the bankrupt.

George Gorham, for plaintiff.

Bangs, Sedgwick & North, for defendants.

WOODRUFF, Circuit Judge, stated his opinion orally, in substance, as follows:

The defendants herein, before the debtor was decreed a bankrupt, and before the petition therefor was filed by other creditors, prosecuted suits, and recovered judgments, and caused executions to be issued and levied on certain personal property of the bankrupt, and commenced proceedings supplementary to execution in a state court, and procured

---

[1] [Originally published from the MSS. of Hon. Bushrod Washington, Associate Justice of the Supreme Court of the United States, under the supervision of Richard Peters, Jr., Esq.]

[1] [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]

the appointment of a receiver of certain choses in action of the bankrupt. On the petition of other creditors, filed September 9th, 1869, a decree in involuntary bankruptcy was, on the 24th of September, 1869, obtained, and, after this, the receivership aforesaid was extended by the state court to all the property of the bankrupt. The proceeding for the last named extension was begun before the filing of the petition of the creditors, and the assignee in bankruptcy was not thereafter made a party thereto.

The appointment of the assignee in bankruptcy relates back, and gives to him title to all the estate real and personal, legal and equitable, rights, interests and things in action which belonged to the debtor on the presentation of the petition. I find, therefore, no room for hesitation in saying, that, from and after the filing of the petition, the defendants could acquire no interest, by receivership or otherwise, in the property of the debtor, which the decree in bankruptcy would not displace or override, and that, therefore, the defendants are, on that ground, entitled to no benefit or advantage, as against the plaintiff, from anything done under the orders of the state court, made after the petition of the creditors was presented.

But this discrimination is not necessary. I am constrained to find, as facts, that every step of the proceeding by the defendants, from and including the time of the commencement of their suits against their debtor, was done with reasonable cause to believe, and with actual apprehension, if not actual belief, that their debtor was insolvent. That debtor is a corporation, and the defendants acted in the further belief, that the officers of the corporation were either fraudulently disposing of or appropriating its property, or that they were paying other creditors in preference to the defendants. The defendants, with such reason to believe that the debtor was insolvent, had, therefore, reason to believe that the conduct of the debtor, in neglecting to make payment of its debts, in submitting to suit, and in neglecting to take the steps contemplated by the bankrupt law for the proper and equal benefit of all its creditors, according to the plain intent and purpose of that law, was acting in fraud of the law itself. The defendants commenced and prosecuted their suits and all the proceedings therein, with a view to secure payment, without regard to other creditors, and whether the latter were paid or not. They knew, that, if they obtained payment in full, it must be at the expense of other creditors who could not be paid in full, and that, if they succeeded, they would secure a preference. In this condition of things, if the debtor had paid them the money, such payment would have been an act of bankruptcy, and the plaintiff would be entitled to recover it back from them. How, then, can they be permitted to secure it by legal proceedings, and their debtor suffer those proceedings to be prosecuted to full and final effect, without taking measures to be declared a voluntary bankrupt, and the preference accomplished in that mode be permitted to stand against the other creditors, against the title of the assignee, and against the fundamental principle of the bankrupt law and that which it aims to secure, namely, the equal distribution of the property of the bankrupt among his creditors, pro rata?

It is true, that, until the debtor commits an act of bankruptcy, any creditor may lawfully sue him and proceed to judgment, execution, levy and sale. It is also true, that mere insolvency is not declared bankruptcy, in such sense that the creditor can obtain an involuntary decree against him. But, every such suit against an insolvent is prosecuted subject to the consequence, that, if the debtor suffers the plaintiff to obtain any advantage, by judgment, or otherwise, over the other creditors, that will be, of itself, an act of bankruptcy, and all such advantage obtained by the creditor having reasonable cause to believe the debtor to be insolvent, must give way to the rights of the assignee. This is, of course, subject to the qualification which the 39th section of the act implies, namely, that the other creditors file their petition within six months.

There must be a decree according to the prayer of the bill of complaint.